UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.: _____

LORALYN DRONG,

        Plaintiff,

v.

PORTFOLIO RECOVERY ASSOCIATES, LLC,

        Defendant.

COMPLAINT

JURY TRIAL DEMANDED

## INTRODUCTION

1. This action arises from Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA" herein), 15 U.S.C. § 1692 *et seq*, and the Telephone Consumer Protection Act ("TCPA" herein), 47 U.S.C. § 227 *et seq*.

2. The term "consumer" as used in this Complaint has the meaning assigned to it by Section 803(3) of the FDCPA, 15 U.S.C. § 1692a(3).

3. The term "debt" as used in this Complaint has the meaning assigned to it by Section 803(5) of the FDCPA, 15 U.S.C. § 1692a(5).

4. The term "automatic telephone dialing system," as used in this Complaint, has the meaning assigned to it by the TCPA, 47 U.S.C. § 227(a)(1).

## JURISDICTION AND VENUE

5. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 47 U.S.C. § 227, and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

6. Venue is proper in this district because the acts and transactions occurred in this district, Plaintiff resides in this district, and Defendant transacts business in this district.

## PARTIES

7. Plaintiff Loralyn Drong (hereinafter "Plaintiff"), is a natural person residing in the County of Sherburne, State of Minnesota, and is a "consumer" as that term is defined by Section 803(3) of the FDCPA, 15 U.S.C. § 1692a(3), and/or a person affected by a violation of the FDCPA with standing to bring this claim under Section 803 of the FDCPA, 15 U.S.C. 1692k(a).

### Defendant

8. Defendant Portfolio Recovery Associates, LLC (hereinafter "Defendant"), is a Delaware Limited Liability Company with its principal place of business located at 120 Corporate Boulevard, Suite 100, Norfolk, VA 23502.

9. Defendant is a "debt collector," as defined in Section 803(6) of the FDCPA, 15 U.S.C. § 1692a(6).

## FACTUAL SUMMARY

10. Sometime prior to November 2012, upon information and belief, Plaintiff allegedly incurred a financial obligation that upon information and belief was primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by Section 803(5) of the FDCPA, 15 U.S.C. § 1692a(5).

11. Sometime thereafter, the alleged debt was consigned, placed or otherwise transferred to Defendant for collection.

12. At no time has Defendant validated the alleged debt to Plaintiff. Plaintiff has received no letter of any sort from Defendant which might identify the original creditor of the alleged debt.

13. Plaintiff has no reason to believe Defendant possesses a legal right to collect any alleged debt from Plaintiff.

14. On November 7, 2012, Defendant placed a call to Plaintiff's cellular telephone. Upon information and belief, Defendant used an automatic telephone dialing system to place this call as Plaintiff heard a prolonged delay before an individual began speaking.

15. Plaintiff explicitly directed Defendant not to call her cellular telephone. Defendant responded that there was no legal requirement that Defendant cease calling Plaintiff's cellular telephone. Plaintiff responded by identifying herself as having worked in the debt collection industry and indicated that Defendant was incorrect.

16. Plaintiff has in fact been employed as a collection agent for a debt collection business.

17. Upon information and belief, Defendant possesses no business relationship with Plaintiff which authorizes Defendant to place calls to Plaintiff's cellular telephone using an automatic telephone dialing system.

18. Defendant possessed alternative working telephone numbers for contacting Plaintiff. Throughout the time period described in this Complaint, Defendant placed calls to Plaintiff's home telephone.

19. On November 17, 2012, at 8:13 AM, Defendant placed a call to Plaintiff's cellular telephone. Upon information and belief, Defendant used an automatic telephone dialing system to place this call.

20. On November 21, 2012, at 11:13 AM, Defendant placed a call to Plaintiff's cellular telephone. Upon information and belief, Defendant used an automatic telephone dialing system to place this call.

21. On November 23, 2012, at 9:50 AM, Defendant placed a call to Plaintiff's cellular telephone. Upon information and belief, Defendant used an automatic telephone dialing system to place this call.

22. On November 29, 2012, at 8:11 AM, Defendant placed a call to Plaintiff's cellular telephone. Upon information and belief, Defendant used an automatic telephone dialing system to place this call.

23. On December 2, 2012, at 10:37 AM, Defendant placed a call to Plaintiff's cellular telephone. Upon information and belief, Defendant used an automatic telephone dialing system to place this call.

24. On December 3, 2012, at 10:37 AM, Defendant placed a call to Plaintiff's cellular telephone. A voicemail message was left on Plaintiff's cellular phone in which there is a prolonged pause, ambient sounds of talking, and then a woman's voice says hello before the message ended. Upon information and

belief, Defendant used an automatic telephone dialing system to place this call.

25. On December 11, 2012, at 2:11 PM, Defendant placed a call to Plaintiff's cellular telephone. Upon information and belief, Defendant used an automatic telephone dialing system to place this call.

26. On December 13, 2012, at 2:19 PM, Defendant placed a call to Plaintiff's cellular telephone. Upon information and belief, Defendant used an automatic telephone dialing system to place this call.

27. On December 20, 2012, at 12:06 PM, Defendant placed a call to Plaintiff's cellular telephone. Upon information and belief, Defendant used an automatic telephone dialing system to place this call.

28. On December 28, 2012, at 12:45 PM, Defendant placed a call to Plaintiff's cellular telephone. Upon information and belief, Defendant used an automatic telephone dialing system to place this call.

29. On January 7, 2013, at 12:21 PM, Defendant placed a call to Plaintiff's cellular telephone. Upon information and belief, Defendant used an automatic telephone dialing system to place this call.

30. On January 21, 2013, at 5:16 PM, Defendant placed a call to Plaintiff's cellular telephone. Upon information and belief, Defendant used an automatic telephone dialing system to place this call.

31. On February 2, 2013, at 9:47 AM, Defendant placed a call to Plaintiff's cellular telephone. Upon information and belief, Defendant used an automatic telephone dialing system to place this call.

32. On February 6, 2013, at 9:40 AM, Defendant placed a call to Plaintiff's cellular telephone. Upon information and belief, Defendant used an automatic telephone dialing system to place this call.

33. On February 12, 2013, at 2:30 PM, Defendant placed a call to Plaintiff's cellular telephone. Upon information and belief, Defendant used an automatic telephone dialing system to place this call.

34. On February 16, 2013, at 2:16 PM, Defendant placed a call to Plaintiff's cellular telephone. Upon information and belief, Defendant used an automatic telephone dialing system to place this call.

35. On February 28, 2013, at 9:44 AM, Defendant placed a call to Plaintiff's cellular telephone. Upon information and belief, Defendant used an automatic telephone dialing system to place this call.

36. On March 4, 2013, at 9:47 AM, Defendant placed a call to Plaintiff's cellular telephone. Upon information and belief, Defendant used an automatic telephone dialing system to place this call.

37. On March 21, 2013, at 9:48 AM, Defendant placed a call to Plaintiff's cellular telephone. Upon information and belief, Defendant used an automatic telephone dialing system to place this call.

38. Defendant placed at least twenty (20) calls to Plaintiff's cellular telephone. Upon information and belief, an automatic telephone dialing system was used to place each call.

39. Defendant's calls to Plaintiff's cellular telephone unlawfully interrupted Plaintiff's privacy interest in being left alone.

## Violations of The Fair Debt Collection Practices Act

40. Defendant placed numerous calls to a cellular telephone number after being explicitly instructed that the number was not convenient for the purpose of discussing an alleged debt. Defendant is in violation of Section 805 of the FDCPA, 15 U.S.C. § 1692c(a)(1).

41. To the extent that Defendant made statements to Plaintiff which assert or imply Defendant's legal right to continue calling Plaintiff's cellular telephone using an automatic telephone dialing system after being explicitly instructed not to call the cellular telephone number, Defendant made false, deceptive, or misleading representations or means in connection with the collection of an alleged debt, violating Section 807 of the FDCPA, 15 U.S.C. §§ 1692e, 1692e(5), and 1692e(10)

42. Plaintiff suffered actual damages under the FDCPA in the form of sleeplessness, fear of answering the telephone and door, nervousness, embarrassment when talking to or seeing friends and family, and negative impacts on personal and professional relationships.

## Violations of The Telephone Consumer Protection Act

43. The TCPA, 47 U.S.C. § 227, is the federal law which regulates the purposes for which automated voices and automated dialing systems may be used to contact U.S. Citizens.

44. The TCPA states, in relevant part:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States (A) To make any call (other than a call made for emergency purposes or made with the prior express consent of the party called) using any automatic telephone dialing system or an artificial or pre-recorded voice. . . . (iii) to any telephone number assigned to a . . . cellular telephone service. . . , or any service for which the called party is charged for the call. 47 U.S.C. § 227(b)(1)(A)

45. The TCPA creates a private right of action for the enjoinment of conduct in violation of the TCPA, 47 U.S.C. § 227(b)(3)(A), and also "to recover. . . $500.00 in damages for each such violation. . . ." 47 U.S.C. § 227(b)(3)(B).

46. Where a court finds that the Defendant willfully or knowingly violated the TCPA, the court may "increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B)." 47 U.S.C. § 227(b)(3).

47. A consumer may elect to seek both enjoinment and statutory damages. 47 U.S.C. § 227(b)(3)(C).

48. At all times relevant to the complaint herein, Defendant engaged and engages in "telecommunications" as defined by 47 U.S.C. § 153(50).

49. At all times relevant to the complaint herein engages in "interstate communications" as defined by 47 U.S.C. § 153(28).

50. At all times relevant to this complaint, Defendant used, controlled, and/or operated "wire communications" that existed as instrumentalities of interstate and intrastate commerce, as defined by the TCPA 47 U.S.C. § 153(59).

51. At all times relevant to this complaint, the Defendant used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA, 47 U.S.C. § 227(a)(1), and 47 C.F.R. 64.1200(f)(1).

52. During the four years immediately preceding the filing of this lawsuit, Defendant placed numerous calls to Plaintiff's cellular phone.

53. Calls made by Defendant to Plaintiff's cellular phone were not made with the prior express consent of Plaintiff.

54. Calls made by Defendant to Plaintiff's cellular phone were not made for an emergency purpose.

55. Defendant knowingly and willfully violated the TCPA by placing calls to Plaintiff's cellular phone without seeking or receiving Plaintiff's express consent and with no reason to believe Defendant had Plaintiff's express consent.

56. Defendant LCS is in violation of 47 U.S.C. § 227(b)(1)(A). *See Edeh v. Midland Credit Mgmt.*, 748 F. Supp. 2d 1030, 1038 (D. Minn. 2010).

**Respondeat Superior Liability**

57. The acts and omissions of Defendant, and/or the other debt collectors employed as agents by Defendant who communicated with Plaintiff- further described herein- were committed within the time and space limits of their agency relationship with their principal, Defendant.

58. The acts and omissions by Defendant and/or these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

59. By committing these acts and omissions against Plaintiff, Defendant and these other debt collectors were motivated to benefit their principal, Defendant.

60. Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of federal law by its collection employees, including but not limited to violations of the FDCPA and Minnesota law, in their attempts to collect this debt from Plaintiff.

*Summary*

61. The above-detailed conduct by Defendant was a violation of numerous and multiple provisions of the FDCPA, including but not limited to the provisions of the FDCPA identified above.

62. Defendant's negligent and/or intentional acts resulted in the violation of numerous provisions of federal law and resulted in actual damages to the Plaintiff.

## TRIAL BY JURY

63. Plaintiff is entitled to and hereby respectfully demands a trial by jury. U.S. Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT I
### VIOLATIONS OF THE
### FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

64. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

65. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

66. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

## COUNT II.
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 .S.C. § 227 et seq.

67. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

68. Defendant made numerous calls to the Plaintiff's cellular telephone service using an automatic telephone dialing system in violation of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), and 47 C.F.R. 64.1200 (a)(1)(iii).

69. The acts and omissions of Defendant were performed unfairly, unlawfully, intentionally, deceptively and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

70. As a causally-direct and legally proximate result of the above violations of the TCPA, Defendant caused Plaintiff to sustain damages.

71. Defendant did not have the prior express consent of Plaintiff to use an automatic telephone dialing system to call the Plaintiff's cellular telephone.

72. Defendant made such calls willfully, and in direct contradiction to the Plaintiff's November 7, 2012, verbal demand to cease and desist calling his cellular telephone.

73. Defendant's conduct, as described herein, left Plaintiff in a state of helplessness and victimization as the persistent and intrusive campaign

12

of auto-dialed calls to Plaintiff eliminated the peace and solitude Plaintiff would otherwise have had. Defendants conduct constituted an unauthorized use of and interference with Plaintiff's cellular phone service for which Plaintiff paid money.

74. Under 47 U.S.C. Section 227(b)(3)(B), the Plaintiff is entitled to statutory damages of $500.00 per phone call made to Plaintiff.

75. Defendant willfully and knowingly violated the TCPA, and as such the Plaintiff is entitled to $1,500.00 per phone call made to Plaintiff in willful and knowing violation of the TCPA, pursuant to the 47 U.S.C. Section 227(b)(3).

76. Plaintiff is entitled to injunctive relief prohibiting Defendant from contacting Plaintiff's cellular phone by use of an automated dialing system, pursuant to the 47 U.S.C. Section 227(b)(3)(a).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant:

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

77. For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;

78. For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff; and

79. For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff.

## COUNT II.
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227 et seq.

80. For an award of statutory damages of $500.00 per call pursuant to 47 U.S.C. Section 227(b)(3)(B) against Defendant and for Plaintiff;

81. For an award of treble damages of $1,500.00 per call pursuant to 47 U.S.C. Section 227(b)(3) against Defendant and for Plaintiff;

82. For an injunction prohibiting Defendant from contacting Plaintiff's cellular phone using an automated dialing system pursuant to the 47 U.S.C. Section 227(b)(3)(a);

83. For such other and further relief as may be just and proper.

                                                Respectfully submitted,

Dated: May 1, 2013              MARTINEAU, GONKO & VAVRECK, PLLC


                                                s/ Mark L. Vavreck
                                              Mark L. Vavreck, Esq.
                                              Bar Number #0318619
                                              Attorney for Plaintiff
                                              Martineau, Gonko & Vavreck, PLLC
                                              Designers Guild Building
                                              401 North Third Street, Suite 600
                                              Minneapolis, MN 55401
                                              Telephone: (612) 659-9500
                                              Facsimile: (612) 659-9220
                                              mvavreck@mgvlawfirm.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

STATE OF MINNESOTA )
) ss
COUNTY OF SHERBURNE )

LORALYN DRONG, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant, cause unnecessary delay to any Defendant, or create a needless increase in the cost of litigation to any Defendant, named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6. I have provided my attorneys with true and correct copies of each and every exhibit, which has been attached to this Complaint.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated the attached exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

s/ Loralyn M Drong
LORALYN DRONG

Subscribed and sworn to before me
this 1st day of May 2013.

_Nicole Bundrock_
Notary Public



NICOLE ASHLEY BUNDROCK
NOTARY PUBLIC - MINNESOTA
MY COMMISSION EXPIRES 01/31/17